**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-30720
Summary Calendar

HELEN M. SAVOY

Plaintiff-Appellant,

VERSUS

METHODIST HOSPITAL

Defendant-Appellee

Appeal from the United States District Court
For the Western District of Louisiana
(96-CV-226)
November 26, 1996

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Appellant Savoy sued Methodist Hospital of Houston, Texas in Louisiana for damages arising from the death of her husband allegedly resulting from blood transfusions administered to him while hospitalized in Houston. Appellant contended that the blood administered was contaminated which caused her husband's death.

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The hospital successfully moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. The district court correctly ruled that under both Louisiana and Texas law, the administering of blood was a medical service and not the sale of a product, and that the hospital lacked the necessary minimum contacts with Louisiana to make it amenable to suit in Louisiana. We agree for the reasons stated by the district court.

Appellant contends that the district court erred in its "stream of commerce" analysis because it relied on the 1990 version of Louisiana Civil Code Article 2322.1. It is correct that the court relied on the 1990 version and not the version in effect at the time the blood was administered. The analysis is not adversely affected by this fact, however, because it is clear that under both Texas and Louisiana law in effect at the time of the transfusions, blood was not a product.

Alternatively, even if blood was considered a product, there are still insufficient contacts by the hospital with Louisiana to make it amenable to suit in Louisiana.

AFFIRMED.